**26SL-CC01519**

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

IN THE 21ST JUDICIAL CIRCUIT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

|  |  |
|---|---|
| ███████, a minor, By and through Next Friend, ███████,<br><br>*Plaintiff,*<br><br>vs.<br><br>PARKWAY C-2 SCHOOL DISTRICT,<br>   Serve at:  455 N. Woods Mill Rd.<br>   Chesterfield, MO 63017<br><br>And<br><br>JAMES RICHMANN,<br>   Serve at:  6 Woodfork Ct.<br>   Maryland Heights, MO 63043<br><br>*Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)  Cause No. _____<br>)<br>)  Division No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  JURY TRIAL DEMANDED<br>)<br>) |

## PLAINTIFF'S PETITION

COMES NOW Plaintiff, ███████, a minor, by and through her Next Friend, ███████, and for her causes of action against Defendants, Parkway C-2 School District and James Richmann, states the following facts upon her personal knowledge and information:

### Parties

1.  ███████ is, and at all times relevant to this Petition was, a minor, female resident of St. Louis County, Missouri.

2.  ███████, the mother of ███████ and her Next Friend in this action, is and at all times relevant to this Petition was an adult resident of St. Louis County, Missouri.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

3. Defendant Parkway C-2 School District ("the District") is a public school district located within the County of St. Louis, State of Missouri. The District owns and operates public schools, including but not limited to Parkway North High School ("North High").

4. The District is a place of public accommodation, a public corporation, and a "person" by statute.

5. The District is a recipient of federal grants and other federal financial assistance.

6. Defendant James Richmann is an adult, male resident of St. Louis County, Missouri. At the times relevant to this Petition, Richmann was employed by the District as a teacher.

<u>Jurisdiction and Venue</u>

7. This Petition arises under the statutes of the State of Missouri and the Constitution and statutes of the United States of America.

8. Plaintiff has suffered damages in excess of $25,000.

9. Plaintiff was first injured by the wrongful acts of Defendants in the County of St. Louis, State of Missouri.

<u>Facts Applicable to All Counts</u>

10. In the fall of 2023, Plaintiff began attending North High as a freshman. She was fourteen years old.

11. During the 2023-24 school year, Defendant Richmann was Plaintiff's biology teacher.

12. At all times relevant to this Petition, Defendant Richmann was acting within the scope of his employment with the District.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

13. During the 2023-24 school year, Defendant acted improperly toward Plaintiff and spoke to and touched her in ways that were sexually inappropriate.

14. Examples of Richmann's sexually inappropriate behavior toward Plaintiff include:

    a. While Richmann would hand out papers to Plaintiff, his hand or arm would make contact with Plaintiff's breast;

    b. Richmann would lean into Plaintiff and have his head close to her breast;

    c. While Plaintiff was seated at her desk, Richmann would lean down and whisper into her ear;

    d. Richmann would rub Plaintiff's shoulders back, and hands and would rub down her arms;

    e. Richmann would place his hand on Plaintiff's hand and would caress her hand with his thumb.

15. Defendant Richmann engaged in such behaviors as those described above pervasively throughout the 2023-24 school year.

16. Defendant's abusive actions toward Plaintiff constituted one ongoing course of conduct throughout the 2023-24 school year.

17. At all times relevant, the District had substantial control over Defendant Richmann and over the context in which his misconduct occurred.

18. In May 2024, Plaintiff submitted a written complaint to the District by writing and signing a statement to the administration at North High.

19. Plaintiff's statement noted that her classmates also noticed Richmann's inappropriate conduct and that one classmate thought that Richmann acted as if he was "in a relationship" with Plaintiff.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

20. Plaintiff submitted her statement to one or more appropriate persons in the District—that is, one or more officials of the District with authority to take corrective action.

21. The District received Plaintiff's complaint and presumably investigated; but upon information and belief, the District did not hotline the issue to the Children's Division of Missouri's Department of Social Services ("CD") at that time.

22. Defendant Richmann was instructed to stay away from Plaintiff, and she was removed from his class and told to report to the library during that hour. Richman left his class during that period and found Plaintiff in the library and confronted her. Plaintiff's parents reported this to the school administration and pulled her from school.

23. A few days later, Richmann approached Plaintiff in the library again. Plaintiff evaded him, and Plaintiff's mother went to school and picked her up. Plaintiff's parents then decided that the school could not keep her safe from Richmann, and they kept her home the rest of the school year except for one mandatory in-person final exam she needed to take.

24. Plaintiff returned to North High in the fall of 2024. By November 2024, Richmann kept appearing and hanging out where Plaintiff was, without a good reason to be in the same place.

25. Plaintiff discussed that with her therapist, and the therapist hotlined the Children's Division.

26. CD investigated Defendant Richmann's conduct toward Plaintiff.

27. In February 2025, CD found by a preponderance of evidence that Plaintiff was the victim of sexual abuse by Defendant Richmann.

28. Richmann's sexual abuse of Plaintiff was unwelcome conduct that was so severe, pervasive, and objectively offensive that it effectively denied Plaintiff equal access to the District's education programs and activities.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

29. The District knew or should have known that Defendant Richmann was grooming and abusing Plaintiff in class and in its building.

30. As a direct and proximate result of the District's failures, Plaintiff was deprived of the accommodations, advantages, facilities, services, or privileges made available in the public school.

31. As a direct and proximate result of Defendants' conduct, Plaintiff was subjected to unfair treatment based on sex and disability in that she was denied the full and equal use and enjoyment of the school and its services.

32. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continues to suffer damages, including but not limited to (a) emotional pain, suffering, inconvenience, and mental anguish; (b) loss of enjoyment of life; (c) humiliation; and (d) physical pain and suffering.

## Exhaustion of Administrative Remedies

33. Plaintiff filed her Complaint of Discrimination in the Missouri Commission on Human Rights ("MCHR") against both the District and Defendant Richmann, alleging sex discrimination under the Missouri Human Rights Act. *See* Exhibit A.

34. On November 12, 2025, the MCHR issued its Notice of Right to Sue to Plaintiff. *See* Exhibit B.

35. This action is filed within two years of the discriminatory conduct and within ninety days of Plaintiff's receipt of the Notice of Right to Sue.

## Count I – Violation of the Missouri Human Rights Act
### Sex Discrimination vs. Both Defendants

36. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

37. Plaintiff is a member of a protected group—to wit, she is a female.

38. Plaintiff was subjected to unwelcome sexual harassment by Defendant Richmann in a place of public accommodation—to wit, North High.

39. Plaintiff's gender was the motivating factor in the harassment.

40. The harassment refused, withheld from, or denied Plaintiff the accommodations, advantages, facilities, services, or privileges made available in the public school, or discriminated against Plaintiff in the use thereof on the grounds of sex.

41. Defendant, through its officials and employees, knew of the harassment, but they failed to take prompt and effective remedial action.

42. Plaintiff was thereby damaged.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count I; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count II - Action under § 1983 of Title 42 of the U.S. Code
Violation of the Fourteenth Amendment Guarantee of Equal Protection

43. Plaintiff incorporates the averments made above as if they were fully set forth herein.

44. Defendants acted under color of state law in Richmann's teaching of Plaintiff, the District's supervision and employment of Richmann, and Defendants' custody and supervision of Plaintiff.

45. The conduct described in this Petition amounts to discrimination against Plaintiff on the basis of her sex.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

46.   The conduct to which Defendants subjected Plaintiff deprived her of the right to Equal Protection under the Fourteenth Amendment to the United States Constitution.

47.   As a direct and proximate result of Defendants' conduct, Plaintiff suffered damages as described above.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor and against both Defendants on Count II; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendants' conduct; and award Plaintiff such additional relief that the Court deems just and proper.

### Count III – Action under Title IX of the Education Amendments of 1972
### Sex Discrimination vs. The District

48.   Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

49.   The District is a recipient of federal funds.

50.   Plaintiff was subjected to sexual harassment in the District's school that was so severe, pervasive, and objectively offensive that it deprived her of educational opportunities.

51.   The conduct described in this Petition amounts to discrimination against Plaintiff on the basis of her sex.

52.   Plaintiff gave actual notice of the harassment to one or more appropriate persons in the District.

53.   The District's response to Plaintiff's notice of harassment was deliberately indifferent and subjected Plaintiff to further harassment.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

54. As a direct and proximate result of the above-described acts, Plaintiff has suffered and will continue to suffer emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count III; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Count IV – Battery
Defendant Richmann

55. Plaintiff incorporates the averments in the preceding paragraphs as if they were fully set forth herein.

56. Defendant Richmann intentionally touched Plaintiff in the sexually inappropriate ways described above.

57. The touching was unwelcome, unjustified, harmful, and offensive.

58. As a direct and proximate result of Defendant Richmann's wrongful touching, Plaintiff suffered harm.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment in her favor on Count IV; award Plaintiff such sum as will fairly and justly compensate Plaintiff for all damages that she has sustained and is reasonably certain to sustain in the future as a direct result of Defendant's conduct; and award Plaintiff such additional relief that the Court deems just and proper.

Electronically Filed - St Louis County - February 09, 2026 - 11:44 AM

RESPECTFULLY SUBMITTED

*Daniel J. Rhoads*
_____
Daniel J. Rhoads, 59590
**THE RHOADS FIRM, LLC**
8123 Delmar Blvd., Suite 200
St. Louis, MO 63130
Phone: (855) 895-0997
Fax: (314) 754-9103
therhoadsfirmllc@gmail.com

*Attorney for Plaintiff* ████, *a minor, by and through*
*Next Friend,* ██████